[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT UNIVERSITY OF HARTFORD'S MOTION TO STRIKE AND DEFENDANT TRAVELERS MOTION TO STRIKE
The defendant, the University of Hartford ("University"), has moved to strike the first and second counts of the plaintiffs third amended complaint for failure to state a claim upon which relief may be granted. DEFENDANT UNIVERSITY OF HARTFORD'S MOTIONTO STRIKE, June, 28, 1999.
Also the defendant, Travelers Casualty and Surety Company of America, has moved to strike the third and fifth counts of the plaintiff's complaint for failure to state a claim upon which relief can be granted. DEFENDANT TRAVELERS CASUALTY AND SURETYCOMPANY OF AMERICA'S MOTION TO STRIKE, September 21, 1999.
A motion to strike tests "the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof." Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrics Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). Additionally, the court construes the facts alleged in a light most favorable to the pleader. Sheets v. Teddy Frosted Foods, Inc., 179 Conn. 471, CT Page 15123 472 (1980).
A. University of Hartford's Motion to Strike
The plaintiffs third amended complaint sets forth the following facts. Third Amended Complaint, May, 28, 1999 (hereinafter, Complaint). The plaintiff is a Connecticut corporation who engages in the installation and repair of windows for commercial buildings. Complaint, Count 1, ¶ 1. The plaintiff contracted with the defendant general contractor, Thibodeau General Contractors, Inc. ("Thibodeau") to provide service for necessary work for the renovation and repair of a building owned by the defendant University on the campus at the Hartt School of Music. The repairs were needed as a result of a fire. Complaint, Count 1, ¶¶ 6-10; Count 2, ¶ 3. The plaintiff agreed to supply and install windows for a total sum of $92,325.00, pursuant to an agreement with Thibodeau dated November 25, 1997. Complaint, Count 1, ¶ 10. The plaintiff commenced work on or about January 2, 1998. Complaint, Count 1, ¶ 11. The plaintiff invoiced Thibodeau on January 1, 1998, January 5, 1998 and January 19, 1998. Complaint, Count 1, ¶ 12. The plaintiff was paid approximately $30,000.00 of the $92,325.00 cost by Thibodeau. Complaint, Count 1, ¶ 15.[1]
Travelers provided a policy of insurance to the University covering fire loss. Complaint, Count 1, ¶¶ 2-3. Travelers issued checks payable to Thibodeau and the University for "sums purportedly to pay for ongoing renovation and construction work at the University. The checks did not identify the specific work for which the funds were paying or whether the cost of any or all of the work was paid in full." Complaint, Count 1, ¶ 13; see also Count 2, ¶ 6. The defendant University failed to obtain lien waivers or otherwise verify that the plaintiffs invoices were paid. Complaint, Count 1, ¶ 18. The plaintiff alleges that the University's negligence in making sure that the plaintiff was paid resulted in a financial loss to the plaintiff. Complaint,Count 1, ¶ 20.
In count two the plaintiff alleges that Thibodeau did not make full payment to the plaintiff and that the "University has received a benefit from the Plaintiffs work and materials, for which it has not paid and as such has been unjustly enriched by virtue of its failure to pay the plaintiff for the reasonable value of said services and material." Complaint, Count 2, ¶ 9. CT Page 15124
1. Count One: Negligence
The factual scenario at issue in this case is similar to that set forth in O'Connor Electric v. Thibodeau General Contractors,Inc., Superior Court, judicial district of Tolland, at Rockville, Docket No. 68608 (Zarella, J., Sept. 3, 1999). That decision also involved a Motion to Strike a count alleging that the defendant was negligent in failing to obtain lien waivers or otherwise determine whether the subcontractors had been paid.
In the present motion, the court adopts the logic of the decision in O'Connor, with regard to the plaintiffs first count and therefore strikes Count 1 of the plaintiffs third amended complaint.[2]
2. Count Two: Unjust Enrichment
As to Count 2 of the plaintiffs third amended complaint which sounds in unjust enrichment, the court must look at the count as plead and in a light favorable to the pleading party. "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citation omitted.)Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.,231 Conn. 276, 283, 649 A.2d 518 (1994). The allegations contained in Count 2 of the plaintiffs third amended complaint support the elements of unjust enrichment in that it is alleged that a benefit was conferred upon the defendant by the plaintiff and that the University's failure to pay the plaintiff for that benefit resulted in an loss to the plaintiff. Complaint, Count 2, ¶ 9. This count, as drafted, is sufficient to state a cause of action. The motion to strike as to Count 2 is denied.
B. Travelers Casualty and Surety Company of America's Motion toStrike
The third count of the complaint, in addition to incorporating many of the allegations of the first count, further states that Travelers assumed a duty of care "by hiring or utilizing an agent, R.C. Knox Company, Inc., to assume the role of supervisor of the work of the general contractor and to issue checks as work was completed by and invoices were received from subcontractors, on behalf of and for the assistance of Travelers." Complaint, Count 3, ¶ 17. Further the complaint CT Page 15125 alleges that "Travelers failed to properly monitor the work on the site and the payments of the general contractor through it's own oversight or that of Knox acting on its behalf." Complaint Count 3, ¶ 18. The complaint also alleges that this negligence resulted in the plaintiffs loss. Complaint, Count 3, ¶ 20.
The fifth count of the complaint alleges that there is an escrow account being held by Travelers or R. C. Knox containing $200,000 for unpaid creditors. Complaint, Count 5, ¶¶ 14-15. The plaintiff claims an equitable lien on these funds. The defendant seeks to strike both of these counts claiming that neither count states a cause action upon which relief can be granted.
1. Count Three: Negligence
As previously noted the court must construe the pleadings in a manner most favorable to the non-moving party. The plaintiff alleges that the defendant has assumed a role, through its agent R.C. Knox, that transcended the traditional role of an insurer. In doing so the plaintiff claims that the insurer assumed a duty of care to the plaintiff to see that the plaintiff was paid. This count sets forth allegations that distinguish the claim from theO'Connor case. Whether or not the facts will establish that this relationship existed is, of course, not an issue in deciding a motion to strike. The plaintiff has alleged sufficient facts to survive the defendant's motion to strike. Whether or not the actual facts will support the claim of a legally cognizable duty to the plaintiff may of course be the subject, at some later time, of a motion for summary judgment. The court is of the opinion, however, that the plaintiff should have the opportunity to discover those facts if they exist.
2. Equitable Lien
The plaintiff also claims that either Travelers or R.C. Knox is maintaining a fund "earmarked" for the payment of subcontractor claims. Complaint, Count 5, ¶ 15. The defendant claims that the fifth count should be stricken as it is conclusory and, furthermore, since equitable liens are based upon claims of unjust enrichment no claim has been made that the defendant, Travelers, has been unjustly enriched.
The plaintiffs allegation that a fund has been established and earmarked for subcontractor claims is not an impermissible CT Page 15126 conclusion of law but rather an allegation of fact. These factual allegations support the claim to an equitable lien on the fund. As to the defendant's claim that the plaintiff has not alleged that Travelers has been unjustly enriched misses the point. The claim is made as to Travelers because they are the alleged fund holder and the plaintiff claims, along with other subcontractors, a superior entitlement to the funds.
Therefore, based on the foregoing, the court enters the following orders:
 1. The defendant's motion to strike the first count of the complaint is granted;
 2. The defendant's motion to strike the second count of the complaint is denied;
 3. The defendant's motion to strike the third count of the complaint is denied; and,
 4. The defendant's motion to strike the fifth count of the complaint is denied.
By the court,
Zarella, J.